Charles P. Maher, State Bar No. 124748
DENTONS US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California 94105
Telephone No.: 415.267.4000
Fax No.: 415.267.4198
E-mail: charles.maher@dentons.com

Counsel for Andrea A. Wirum
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PERRY STREET, LLC,<br><br>Debtor. | Case No. 15-30784 DM<br>Chapter 7<br><br>Date: August 27, 2015<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, 22nd Floor<br>San Francisco, CA<br>Court: Hon. Dennis Montali |

### TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM STAY

Andrea A. Wirum, Trustee in Bankruptcy of the estate of the above Debtor, hereby opposes the motion of MKWS Perry Street, LLC ("MKWS") for relief from the automatic stay to pursue litigation in San Mateo County Superior Court.

I.  INTRODUCTION

Although it is obvious from the complaint attached as Exhibit A to the Declaration of William Healy, MKWS never reveals in its pleadings that the action it seeks relief to pursue is a fraudulent conveyance action that is owned by the bankruptcy estate. Furthermore, MKWS does not appreciate that more than 60 days have passed since the Debtor filed its Chapter 7 petition. As a result of the passage of time, any executory contract not previously assumed has been rejected automatically under 11 U.S.C. § 365(d)(1).

MKWS does not have the right or standing to pursue claims for avoidance of fraudulent transfers made by the Debtor and does not have a specific performance contract claim due to rejection

of a sale contract. For these reasons, the motion for relief from stay should be denied.

II.   STATEMENT OF FACTS

The Debtor filed a voluntary petition for relief on June 16, 2015. As of the date of this memorandum, more than 60 days have passed since the petition date. The Trustee has not filed a motion to assume the Debtor's contract with the moving parties and the moving parties have not filed a motion to compel the Trustee to assume that contract.

In December 2011, the Debtor executed a contract of sale of the real property commonly known as 53-55 Perry Street, Redwood City, California (the "Property"). The contract was between the Debtor on the one hand and Brett Weber and Douglas Marks on the other hand. Mr. Weber and Mr. Marks subsequently assigned all right, title, and interest in the contract to MWKS Perry Street, LLC (the "Buyer").

For reasons not yet known to the Trustee, the sale did not close and neither the Debtor nor the Buyer performed its obligations under the contract.

The Trustee is informed and believes that, in June 2012, the Debtor entered into another contract of sale of the Property with Edward Yuen, Ka-Man Carmen Yuen, Chun Pang Yuen, and Angel Siu Ping Yuen. The Trustee is informed and believes that escrow on the sale to the Yuens closed and the Yuens or their designee became owner of the Property.

MWKS filed a verified complaint for specific performance, interference with prospective economic advantage, civil conspiracy and declaratory relief on December 19, 2012, against the Debtor and the Yuens. On November 8, 2013, MWKS filed a first amended verified complaint for breach of contract, intentional interference with contractual relations, fraudulent transfer, and declaratory relief. In the first amended complaint, MWKS again sought specific performance under its contract with the Debtor and added claims for avoidance and recovery of fraudulent transfers under Section 3439 et seq. of the California Civil Code.

The Trustee is informed and believes that, when the Debtor filed its voluntary Chapter 7 petition on June 16, 2015, trial in San Mateo County Superior Court was imminent.

/ / /

/ / /

III. ARGUMENT

   A. Rejection of Sale Contract

MWKS no longer has a contract on which it can claim specific performance. Section 365(d)(1) of the Bankruptcy Code provides as follows:

> In a case under Chapter 7 of this Title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court for cause, within such 60-day period, fixes, then such contract release is deemed rejected.

The 60th day after entry of the order for relief was August 15, 2015, a Saturday. The date of this opposition is August 18, 2015, which is more than 60 days after entry of the order for relief.

An executory contract for purchase of real property by a purchaser not in possession is an area in which the Bankruptcy Code bars specific performance. [citation]

A contract for sale of real property is an executory contract if the seller has not conveyed title or surrendered possession and the buyer has not paid the full purchase price. *In re Alexander*, 670 F. 2d 885, 887-888 (9th Cir. 1982).

MWKS is not entitled to relief from the automatic stay to pursue its contract claim in San Mateo Superior Court. Its remedy is to file a proof of claim in the Bankruptcy Court in such amount that it believes reflects damages for losing the benefit of its bargain, provided, however, that the proof of claim will be subject to objection on the grounds that the contract was not enforceable in the first place or any other grounds on which a valid objection may lie.

   B. Avoidance Claims Belong to the Estate

When the Debtor filed its Chapter 7 petition, the avoidance claims MWKS was pursuing became property of the bankruptcy estate and under the exclusive control of the Trustee.

The Trustee has the exclusive power to bring claims predicated on the fraudulent transfer theory. *In re Ahcom, Ltd.*, 623 F. 3d 1248, 1250-1252 (9th Cir. 2010); *Nat'l Am. Ins. Co.*, 187 F. 3d 439, 441 (4th Cir. 1999); *In re Pac. Gas & Elec. Co.*, 281 B.R. 1, 13 (Bankr. N.D. Cal. 2002). In *Pacific Gas & Electric Company*, this court found that "[a]bsent court approval, only a trustee or debtor-in-possession has standing to assert a fraudulent transfer action." *Id.* at 13.

///

Section 362(a)(1) deprives creditors of standing to bring fraudulent conveyance claims predicated on the same transactions that the trustee is targeting. *In re Tribune Co., Fraudulent Conveyance Litigation*, 499 B.R. 310, 323-325 (S.D.N.Y. 2013).

Shortly after the case was filed, the Trustee was contacted by Richard Van T'rood, counsel for MWKS, regarding the state court action. Counsel for the Trustee attempted to initiate discussions with Mr. Van T'rood of the estate's ownership of the fraudulent conveyance claims and spent almost two hours in two telephone calls with him. Mr. Van T'rood would not accept counsel's statement of black letter law that fraudulent conveyance claims belong to the bankruptcy estate. The Trustee's attempts to negotiate a sale of the fraudulent transfer claims to MWKS fell on deaf ears. In light of the failure of MWKS to acknowledge that it no longer had standing to assert the fraudulent conveyance claims, its unwillingness to make any offer to the Trustee, and its motion for relief from the automatic stay by which it clearly is attempting to exert dominion and control of property of the bankruptcy estate, the Trustee has initiated settlement discussions with the Yuens. To date no agreement has been reached but discussions are ongoing.

## IV.  CONCLUSION

Under the circumstances, the Trustee requests that the Court deny the motion for relief from stay.

DATED: August 10, 2015    DENTONS US LLP

By: *[signature]*
Charles P. Maher
Counsel for Andrea A. Wirum, Chapter 7 Trustee