UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PERRY STREET, LLC,<br><br>                Debtor. | Case No. 15-30784 DM<br>Chapter 7<br><br>Hearing:<br>Date:   April 15, 2016<br>Time:  10:00 a.m.<br>Place:  450 Golden Gate Avenue<br>           Courtroom 17, San Francisco<br>Court:  Hon. Dennis Montali |

## NOTICE OF AUCTION AND HEARING

TO:    CREDITORS, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES

**PLEASE TAKE NOTICE THAT** a hearing will be held on the Trustee's proposed sale of certain fraudulent conveyance claims before the Honorable Dennis Montali, United States Bankruptcy Judge, in his courtroom located at 450 Golden Gate Avenue, 16th Floor, San Francisco, California, at the above time and place. The hearing is being scheduled to occur two days after the auction described below.

The auction will be held at the law offices of Dentons US LLP, One Market Place, Spear Tower, Suite 2400, San Francisco, California, on April 13, 2016, at 10 a.m. Pacific Daylight Time. Auction terms, process, and participation are described below.

The Trustee currently has in hand an offer from MWKS Perry Street, LLC, of $60,000 cash for purchase of the fraudulent conveyance claims described below. Accordingly, the $60,000 offer shall be deemed the opening bid at the auction.

### THE ASSETS

When the Debtor commenced its voluntary Chapter 7 case, it and its principal, Edward Yuen, were defendants in an action brought by MWKS Perry Street, LLC ("MWKS") for specific performance, interference with prospective economic advantage, civil conspiracy, declaratory relief, and avoidance of fraudulent transfers. Ka-Man Carmen Yuen, Chun Pang Yuen, and Angel Siu Yuen (the "Yuens") were also named defendants, having been the recipients of the transfer of title to the real property commonly known as 53-55 Perry Street, Redwood City, California.

The basis of the MWKS lawsuit was the existence of a contract for sale of the Perry Street property between its predecessors-in-interest and the Debtor and the subsequent sale by the Debtor of the 53-55 Perry Street property to the Yuens. MWKS alleged that the Debtor had breached its contract with its predecessors-in-interest, and had transferred the property for insufficient consideration to the Yuens. The Yuens and the Debtor disputed all material allegations of the complaint.

When the Debtor filed its Chapter 7 petition, the fraudulent transfer claims asserted by MWKS became property of the bankruptcy estate exclusively and were prosecutable exclusively by the Trustee. The filing of the Chapter 7 petition eliminated any claim by MWKS for a specific performance under the contract it had signed. Finally, the contract was "rejected" as a matter of law 60 days after the Chapter 7 petition date.

**AUCTION**

Upon the filing of a Chapter 7 petition, the fraudulent conveyance claims became available for the Trustee to either prosecute, sell, or compromise. The Trustee proposed a compromise with the defendants which the Bankruptcy Court declined to approve in face of the objection by MWKS. The Court favored a sale approach consistent with the ruling of the Bankruptcy Appellate Panel in a case called *In re Lahajani*. The Court's denial of approval of the compromise resulted in the sale process described in this notice.

The Trustee is proposing to sell the estate's fraudulent conveyance claims against the Yuens for an all-cash payment in the highest amount. MWKS has committed to an offer of $60,000 cash, subject to the opportunity for others to submit bids. Potential overbidders must qualify to participate in the auction by tendering by April 8, 2016, a cashier's check in the amount of $61,000 (i.e., the amount of the minimum overbid) payable to "Andrea A. Wirum, Chapter 7 Trustee" and delivered in care of her counsel at the address below. MWKS must submit a cashier's check for $60,000 (the amount of its opening bid) by the same date. Only parties who timely tender their cashier's checks will be permitted to participate in the auction. The Trustee prefers that bidders appear at the auction in person. However, the Trustee will permit participation by telephone.

The Trustee will accept cash bids only and she will accept the highest all-cash bid. Cash bidding will be in increments of no less than $1,000. The opening bid of anyone choosing to overbid MWKS shall be in an amount of no less than $61,000. No success fee or other contingent consideration will be considered, and any bid that includes such contingent consideration will be valued on the cash component only. This determination is made by the Trustee in the sole exercise of her business judgment. She believes this approach is consistent with ordinary sale of an asset in a bankruptcy case.

At the conclusion of bidding, the party making the highest cash offer will be the successful bidder. The cashier's check of the successful bidder will be deposited by the Trustee in the estate's account and will become non-refundable immediately unless the Bankruptcy Court declines to approve the sale. The cashier's checks of the unsuccessful bidders will be returned at the conclusion of the auction.

The Trustee will file a pleading with the Bankruptcy Court to inform it of the Trustee's selection and the amount of the successful bid. Counsel for the Trustee will appear at the hearing on April 15, 2016, to seek approval of the sale. If no overbid is received, the Trustee will present the MWKS bid for approval.

The successful bidder shall have seven calendar days after conclusion of the auction in which to pay the balance of the purchase price (i.e., if the successful bid is higher than the amount of tendered cashier's check). If by that time, the Court has not entered an order approving he sale, the Trustee will hold the purchase money in trust pending entry of the order. Upon entry of the order approving the sale, the funds will become property of the estate.

USW 805419937.1

If the successful bidder fails to perform, its non-refundable deposit will be retained by the Trustee for the benefit of the estate. In the event of such a default, the fraudulent conveyance claims may be sold to the bidder with the next highest bid at its last bid if that bidder chooses to proceed with the purchase.

**PLEASE TAKE FURTHER NOTICE THAT** anyone who wishes to object to the proposed auction must do so by filing a written objection with the Clerk of the United States Bankruptcy Court, P.O. Box 7341, San Francisco, California 94120, and by serving a copy on counsel for the Trustee at the address below no later than 21 days after the date of this notice. The Trustee is aware that MWKS has stated that it is reserving its rights to object to a sale to the Yuens. The 21-day deadline is not intended to restrict any such rights.

Bankruptcy Local Rule 9014-1 prescribes the following procedure: (a) any objection to the requested relief, or request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice; (b) any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its positions. If there is no timely objection to the request for relief or a request for hearing, the Court may enter an order granting the relief by default. In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case. For purposes of filing with the Court, documents shall be filed with the United States Bankruptcy Court, P.O. Box 7341, San Francisco, CA 94104, and served on counsel for the Trustee at the address below.

DATED: March 11, 2016

DENTONS US LLP

By: /s/ Charles P. Maher
Charles P. Maher
Counsel for Andrea A. Wirum, Trustee

Charles P. Maher, State Bar No. 124748
DENTONS US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California 94105
Telephone No.: 415.267.4000
Fax No.: 415.267.4198
E-mail: charles.maher@dentons.com

USW 805419937 1