Charles P. Maher, State Bar No. 124748
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8280
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for ANDREA A. WIRUM,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PERRY STREET, LLC,<br><br>Debtor. | Case No. 15-30784 DM<br>Chapter 7<br><br>Date: June 2, 2017<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Ave., 16th Fl.,<br>San Francisco, California<br>Court: Hon. Dennis Montali |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF COMPROMISE / SALE**

Andrea A. Wirum, Chapter 7 Trustee of the estate of the above Debtor, files this memorandum in support of the transaction proposed in her May 24, 2017, notice to creditors and in reply to any opposition the Yuen family may present.

The Trustee's May 24, 2017, notice and accompanying motion adequately set forth the facts that gave rise to the transaction and adequately described the transaction. The Trustee has proposed the transaction as both a compromise and a sale as required by applicable law. *In re Mickey Thompson*, 292 B.R. 415 (9th Cir. BAP 2003); *In re Lahijani,* 325 B.R. 282 (9th Cir. BAP 2005).

In her notice, the Trustee provided an analysis of the compromise under the requirements of *In re A&C Properties,* 784 F 2d. 1377, 1381 (9th Cir. 1986). "[W]hile creditors' objections to a compromise must be afforded due deference, such objections are not controlling." *In re A&C Properties,* 784 F 2d. at 1382.

> Approving a proposed compromise is an exercise of discretion that should not be overturned except in cases of abuse leading to a result that is neither in the best interest of the estate nor fair and equitable for the creditors.

*In re Schmitt,* 215 B.R. 417, 420 (9th Cir. BAP 1997).

In considering a compromise, the Bankruptcy Court does not conduct a detailed evaluation of the merits of the litigation at issue and instead examines the proposed settlement to determine if it falls below the lowest point in the range of reasonableness. *In re Milden,* 111 F 3d. 138 (9th Cir. 1997), *citing In re Hydronic Enterprise, Inc.,* 58 B.R. 363, 366 (Bankr. D.R.I. 1996).

The Trustee contends that the compromise with MWKS and the other parties meets the standards established by the Ninth Circuit in the *A&C Properties* case and should be approved by the Court.

*Mickey Thompson* and *Lahijani* also require the transaction to be evaluated as a sale. The proper standard for a Court to use when considering a proposed motion to sell assets is the business judgment test. *Equity Sec. Holders v. Lionel Corp. (In re Lionel)*, 722 F. 2d 1063 (2nd Cir. 1983). It is this standard that has been adopted by the vast majority of Courts. *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 515 (Bankr. N.D. Ala. 2002).

> Under this standard, the Trustee has the burden to establish sound business reasons for the terms of a proposed sale. Factors for the Court to consider in whether to approve the sale include: (1) any improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arms-length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest. The Trustee is responsible for the administration of the estate and his or her judgment on the sale and the procedure for the sale is entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met. *In re Bakalis*, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (noting discretion accorded to trustee with regard to sale of assets).

285 B.R. at 514.

The transaction must make good business sense and the creditors as a whole should benefit. *In re UAL Corp.*, 443 F. 3d 565, 571 (7th Cir. 2006).

/ / /

> The "business judgment" test, as it is sometimes called, differs from the business judgment rule under corporate law. *3 Collier in Bankruptcy* ¶ 363.02[4] at 363-18 (*Alan and Resnick and Henry J. Sommer*, eds., 16th ed. 2012). The bankruptcy court reviews the trustee's business judgment "to determine independently whether the judgment is a reasonable one." *Id.* At the same time, the court "should not substitute its judgment for the trustee's." *Id.* A trustee has considerable discretion when it comes to the sale of estate assets, and that discretion is entitled to "great judicial deference" as long as a sound business reason is given. *In re State Park Bldg. Grp. Ltd.*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005*); In re Murphy*, 28 B.R. 1, 5 (Bankr. D. Me. 2002); In re *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 516 (Bankr. N.D. Ala. 2002).

*In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012).

The Trustee contends that she has properly exercised her business judgment in negotiating the transaction described in her May 24, 2017, notice.

In conclusion, the Trustee contends that she has satisfied the tests of *A&C Properties* and the business judgment test and asks the Court to overrule any objection the Yuen family may present, and approve the transaction as proposed.

DATED: May 31, 2017    RINCON LAW LLP

By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Andrea A. Wirum, Chapter 7 Trustee